UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE BORJESSON,<br><br>    Plaintiff,<br><br>    v.<br><br>WILMINGTON SAVINGS FUND SOCIETY FSB, et al.,<br><br>    Defendants. | Case No. C20-433-RSM<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Plaintiff Bruce Borjesson's Motion for Temporary Restraining Order ("TRO"). Dkt #11. Plaintiff moves to stop the foreclosure on his property located at 9519 4th NW Parcel A Seattle, WA 98117. *Id*. at 1. He states that this case "is now in its 12 year," and that he has been in bankruptcy court for the last 5 years. *Id*. at 4. This case was removed from King County Superior Court on March 20, 2020. Dkt. #1. Plaintiff challenges the way Defendants removed this action and their failure to answer his state court complaint. *Id*. at 4–5. Plaintiff does not provide any details about a forthcoming foreclosure.

Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted. Local Civil Rule ("LCR") 65(b)(1). Federal Rule of Civil Procedure 65(b) states that the court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 1

specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition and the movant certifies in writing any efforts made to give notice and the reasons why it should not be required.  Unless these requirements are satisfied, the moving party must serve all motion papers on the opposing party before or contemporaneously with the filing of the motion and include a certificate of service with the motion.  LCR 65(b)(1).

As an initial matter, Defendants argue that this Motion was not properly served on them and that they did not have notice under Rule 65.  Dkt. #15 at 3.  However, Plaintiff is not seeking relief without notice.  He attempted to serve Defendants by certified mail and included a declaration to that effect.  Even if that attempt failed, the filing of the TRO with the Court in this already-open case provided Defendants with the notice they required to respond to the TRO.  The Court will not deny this Motion for failure to provide notice.

Typically, to succeed on a motion for temporary restraining order the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest.  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008).  The Ninth Circuit employs a "sliding scale" approach, according to which these elements are balanced, "so that a stronger showing of one element may offset a weaker showing of another."  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).  However, the moving party must still make at least some showing that there is a likelihood of irreparable injury and that the injunction is in the public interest.  *Id*. at 1135.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 2

The Court has reviewed Plaintiff's Motion and finds it has failed to demonstrate a likelihood of irreparable harm to Plaintiff in the absence of preliminary relief. Plaintiff fails to provide any detail of a forthcoming foreclosure. Without such a foreclosure or other action by Defendants for the Court to enjoin, there is no harm that would occur absent the preliminary relief requested in this Motion.

Defendants contend that Plaintiff is really just attacking the validity of removal from state court. Dkt. #15 at 4–5. This appears correct. A TRO is not a proper method to challenge removal. Plaintiff has failed to show how removal alone constitutes irreparable harm. Finding no irreparable harm, the Court need not examine the other factors above to find that this Motion can be denied.

Having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Temporary Restraining Order, Dkt. #11, is DENIED.

DATED this 30th day of April, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 3