UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE BORJESSON,<br><br>  Plaintiff,<br><br>  v.<br><br>WILMINGTON SAVINGS FUND SOCIETY FSB, et al.,<br><br>  Defendants. | Case No. C20-433-RSM<br><br>ORDER GRANTING MOTIONS TO DISMISS |

This matter comes before the Court on Motions to Dismiss filed by Defendants. Dkts. #20 and #21. Defendants Wilmington Savings Fund Society FSB acting as Trustee for Stanwich Mortgage Loan Trust A ("Wilmington") and Carrington Mortgage Services, LLC ("Carrington") move to dismiss with prejudice for lack of personal jurisdiction, insufficient process, insufficient service of process, and for failure to state a claim upon which relief can be granted. Dkt. #20. Defendants Ocwen Loan Servicing, LLC nka PHH Mortgage Corporation ("Ocwen") and Wells Fargo Bank, N.A., as Trustee for SABR 2008-1 GT ("Wells Fargo, as Trustee"; together, the "Defendants") move to dismiss with prejudice on the same grounds. Dkt. #21. Mr. Borjesson has failed to file a timely response to either Motion.

This case concerns Mr. Borjesson's 2007 home loan, his 2008 default on that loan, a 2014 foreclosure proceeding in King County Superior Court where summary judgment was entered against Mr. Borjesson, his 2015 Chapter 7 bankruptcy staying that foreclosure, an

ORDER GRANTING MOTIONS TO DISMISS - 1

unsuccessful appeal of the summary judgment, the end of the bankruptcy proceeding in 2020, and Mr. Borjesson's attempt to stop the foreclosure again by filing this lawsuit. *See, generally,* Dkt. #20-1.[1]

The instant Motions to Dismiss were filed on June 4, 2020 ("Carrington Motion") and June 9, 2020 ("Ocwen Motion"). Their original noting dates were June 26, 2020 and July 3, 2020 respectively. On June 26, 2020, Mr. Borjesson moved for an extension of time to respond to the July 3, 2020 Motion. Dkt. #26. The Court granted this request, extending the deadline to July 6, 2020, and noting that Mr. Borjesson had failed to respond to the Carrington Motion. Dkt. #28. The Court extended Mr. Borjesson's response deadline for the Ocwen Motion only to July 6, 2020. *Id.*

On July 6, 2020, Mr. Borjesson e-filed a Response addressing the Carrington Motion only. *See* Dkt. #31 at 1 ("This is the Response and Reply to the recent filing by Wright Finlay and Zuk Case #2-20-CV-00433.").[2] Mr. Borjesson did not address the timeliness of his Response brief.

On July 8, 2020, Defendants Wilmington and Carrington moved to strike Mr. Borjesson's Response as untimely as related to their Motion. The Court finds that Mr. Borjesson's Response brief is untimely and filed late without good cause even after the Court's prior notice on this issue.

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual

---

[1] The Court has taken judicial notice of the court documents attached by Defendants in this case.
[2] The Carrington Motion was filed by counsel from Wright Finlay & Zak LLP; the Ocwen Motion was filed by counsel from Houser LLP.

ORDER GRANTING MOTIONS TO DISMISS - 2

allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

The Court's Local Rules provide that, if "a party fails to file papers in opposition to a [non-summary judgment] motion, such failure may be considered by the court as an admission that the motion has merit." LCR 7(b)(2).

The Court finds that Mr. Borjesson's untimely Response brief addressing the Carrington Motion is properly stricken, and that Mr. Borjesson has not filed a timely response to the Ocwen Motion. Under the Court's Local Rules, these failures may be considered as an admission that Defendants' Motions to Dismiss have merit.

The Court has nevertheless reviewed Mr. Borjesson's Response brief for argument that could save his pleading regardless of the above procedural errors. The Court has found none. Mr. Borjesson does not address Defendants judicial estoppel arguments, personal jurisdiction arguments, or arguments related to improper service (except to state that he has served

ORDER GRANTING MOTIONS TO DISMISS - 3

Defendants and citation to an unattached exhibit).  *See* Dkts. #20 and #21.  The record shows that Mr. Borjesson attempted service by e-mail, fax, or mail only when personal service is required.  Dismissal is clearly warranted on this basis.

The Court has reviewed Mr. Borjesson's Complaint to determine if the allegation of other facts consistent with the challenged pleading could possibly cure the numerous deficiencies identified by Defendants and finds that such is not the case.  The Court takes judicial notice of the attachments filed by Ocwen Loan Servicing related to Mr. Borjesson's bankruptcy and agrees with those Defendants that his claims are judicially estopped for failure to include such as a "contingent asset" in his bankruptcy schedules.  *See* Dkt. #21 at 5–7 (citing Dkt. #22-1).  The Court agrees with Defendants that Mr. Borjesson's claims generally lack sufficient detail to survive the *Twombly/Iqbal* analysis.  The Court finds Mr. Borjesson's FDCPA, RESPA TILA, and state law claims are untimely and were at least partially litigated in state court.  Mr. Borjesson cannot claim that Defendants' foreclosure is barred by RCW 4.16.040 as untimely because it was commenced in in a timely fashion before the bankruptcy and was tolled during that bankruptcy.  His CPA claim lacks factual support and would also be untimely.  Dismissal of all claims is warranted under Rule 12(b)(6).

Having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS that the Motions to Dismiss filed by Defendants, Dkts. #20 and #21, are GRANTED.  Plaintiff's claims are DISMISSED with prejudice.  This case is CLOSED.

DATED this 13th day of July, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTIONS TO DISMISS - 4